IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHNNY BUCKLEY, #476583,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-0338-L-BK |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under [28 U.S.C. § 2254](). For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

On August 30, 1987, Petitioner pled guilty to aggravated robbery, pled nolo contendere to murder, and was sentenced to life imprisonment. *State v. Buckley*, Nos. F87-85887 and F87-96792 (291st Judicial District Court, Dallas County, 1987), *aff'd* Nos. 05-88-00338-CR and 05-88-00339-CR (Tex. App. Jul. 29, 1988). He unsuccessfully sought state habeas relief. *See Ex Parte Buckley*, No. WR-21,081-01 (Tex. Crim. App. May 23, 1990) (denying state habeas application); *Ex Parte Buckley*, No. WR-21,081-02 (Tex. Crim. App. Jan 13, 1993) (same); *Ex Parte Buckley*, No. WR-21,081-04 (Tex. Crim. App. Jan. 5, 2011) (dismissing state application as successive).[1] Petitioner also sought federal habeas relief, but his federal petitions were dismissed for failure to exhaust and for want of prosecution. *Buckley v. Collins*, No. 3:91-CV-

---

[1] The dates listed were verified through information available on the state court Internet web pages (Dallas County and the Texas Court of Criminal Appeals (TCCA)) and the electronic state habeas record obtained through the TCCA.

1203-G (N.D. Tex. Jun. 29, 1992); *Buckley v. Johnson*, No. 3:96-CV-3442-D (N.D. Tex. Sep. 25, 1997).  Then, on January 28, 2014, Petitioner filed this federal petition, alleging his guilty plea was involuntary, counsel rendered ineffective assistance, and he was actually innocent of the criminal charges.  [Doc. 3 at 6].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).  As this federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  [Doc. 8].

The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Subsections (B) through (D) of section 2244(d)(1) are inapplicable here.  Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims.  Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which the conviction became final.

Because the convictions became final in 1988, long before the enactment of the AEDPA, Petitioner had a one-year grace period, beginning on April 25, 1996, and ending on April 24, 1997, within which to seek habeas corpus relief.  *See Flanagan v. Johnson*, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998) (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)).  Petitioner did not file the federal petition presently at issue until January 16, 2014, over

seventeen years after the one-year grace period elapsed.  Moreover, Petitioner is not entitled to statutory tolling during the pendency of his 2009 state application.[2]  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).  Therefore, his federal petition is clearly outside the one-year statute of limitations absent equitable tolling.[3]

      To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted); see also Holland v. Florida, 560 U.S. 631, 635 (2010) (recognizing one-year statutory deadline is subject to equitable tolling in appropriate circumstances).  "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'"  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

      This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  See Howland v. Quarterman, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases).  Having squandered the entire grace period, Petitioner clearly failed to act with due diligence.  See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity").  Moreover, Petitioner's

---

[2] The third state application is deemed filed on June 8, 2009, the date on which Petitioner signed it and likely also handed it to prison officials for mailing.  See Richards v. Thaler, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).  Petitioner's first and second state application pre-dated the one-year grace period and, thus, do not qualify for statutory tolling.

[3] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes the federal petition filed on January 16, 2014.  [Doc. 3 at 10].

extended periods of inactivity clearly indicate lack of due diligence.  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).  "[E]quity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.  See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); Turner v. Johnson, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

In addition, Petitioner does not show that an "extraordinary circumstance" prevented timely filing.  Holland, 560 U.S. at 649.  He states that he "has been prescribed psychiatric medication" throughout his incarceration.  [Doc. 8 at 1].  While mental illness may support equitable tolling of the limitations period, *see* Fisher, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances.  Smith v. Kelly, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (unpublished per curiam).  However, unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling.  Id.  Moreover, the mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period.  Id.; see also Hulsey v. Thaler, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (unpublished per curiam), *cert. denied*, 132 S. Ct. 1923 (2012) (affirming district court's refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period of time that lasted over one year).

Here, as in *Smith*, Petitioner has submitted nothing to demonstrate that during the one-year grace period, from April 1996 until April 1997, he suffered from a mental illness that prevented him from pursing his legal rights.  Even assuming Petitioner was unable "to maintain a sound mind" during the one-year grace period, there is nothing in the record to suggest that his condition rendered him unable to pursue his legal rights, namely timely filing his section 2254 petition.  *See Lara v. Thaler*, No. 3:12-CV-4277-N-BK, 2013 WL 2317063 *3 (N.D. Tex. 2013) (declining equitable tolling because the records Petitioner submitted did not establish that his depression or depressive disordered prevented him from timely filing his federal petition); *Wilson v. Quarterman*, No. 3:08-CV-1339-M, 2008 WL 5350303, *3-4 (N.D. Tex. 2008) (declining equitable tolling because petitioner's vague, unsupported, self-serving allegations were insufficient to show he was incompetent to pursue his legal rights during the limitations period).  Moreover, it is clear from the record that Petitioner's mental condition did not prevent him from submitting his state habeas applications before and after the one-year grace period elapsed.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

Lastly, despite the fact that he pled guilty to aggravated robbery and nolo contendere to murder, Petitioner requests the Court to consider his claim of actual innocence (second ground in his federal petition).  [Doc. 8 at 1; Doc. 3 at 6].  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. ––––, 133 S. Ct. 1924, 1928 (2013).  To meet the threshold requirement, a petitioner must present new

evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1928, 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Here, Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt. [Doc. 3 at 6; Doc. 4 at 2; Doc. 8 at 1]. He merely alleges that he "would not have followed the incompetent advice of counsel to plea[d] nolo contendere had he not been under the influence of psychiatric medication." [Doc. 4 at 2]. Therefore, insofar as Petitioner alleges actual innocence, his claim is wholly unsupported and, thus, lacks merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED March 5, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE